# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>JORGE ROJO,<br><br>     Defendant. | Case No. 2:12-cr-00216-LDG (VCF)<br><br>**ORDER** |

Presently before the court is defendant Jorge Rojo's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF Nos. 87, 88). The government filed a response (ECF No. 90), to which Rojo replied (ECF No. 92).

I.    Background

Rojo pled guilty to:

Count 1:    conspiracy to interfere with commerce by robbery ("Hobbs Act robbery") under 18 U.S.C. § 1951;

Count 2:    interference with commerce by robbery under 18 U.S.C. §1951 and 2;

Count 3:    brandishing a firearm during a crime of violence in violation of 18 U.S.C. §924(c)(1)(A)(ii)--specifically, the Count 2 Hobbs Act robbery;

Count 4:    Kidnapping in violation of 18 U.S.C. §1201 and 2; and

| | |
|---|---|
| Count 5: | Conspiracy to Possess Heroin with Intent to Distribute in violation of 21 |
| | U.S.C. §846 and 841(a)(1) and (b)(1)(B)(i). |

This Court sentenced Rojo to 97 months of imprisonment as to each of Counts 1, 2, 4, and 5, to be served concurrently. The Court also found that, as to Rojo's conviction in Count 3 for violating §924(c) by carrying and use of a firearm during and in relation to a crime of violence, his conviction on Count 2 for the Hobbs Act robbery qualified as a "crime of violence." Accordingly, the Court imposed an 84-month term of imprisonment as to the §924(c) conviction to be served consecutive to all other sentences, resulting in a total term of imprisonment of 181 months.

In the instant motion, Rojo moves to vacate his §924(c) conviction and sentence pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), and requests that the court resentence him to 97 months imprisonment on each of his convictions on Counts 1, 2, 4, and 5 of the information to which he pled guilty, to be served concurrently.

II. Analysis

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution." 28 U.S.C. § 2255(a). When a petitioner seeks relief pursuant to a right recognized by a United States Supreme Court decision, a one-year statute of limitations for seeking habeas relief runs from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). The petitioner bears the burden of demonstrating that his petition is timely and that he is entitled to relief.

In *Johnson*, the United States Supreme Court held that the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), is unconstitutionally vague. 135 S. Ct. at 2557. The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year, that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). Subsection (ii) above is known as the ACCA's "residual clause." *Johnson*, 135 S. Ct. at 2555–56. The Supreme Court held that "increasing a defendant's sentence under the clause denies due process of law." *Id.* at 2557.

Rojo was not, however, sentenced pursuant to ACCA. Rather, he was convicted of violating 18 U.S.C. §924(c) for carrying and use of a firearm during and in relation to a crime of violence. Section 924(c)(3) provides:

> the term "crime of violence" means an offense that is a felony and–
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

As with the ACCA, subsection (a) is referred to as the force clause while subsection (B) is referenced as the residual clause. Rojo argues that *Johnson* is equally applicable to §924(c) cases and that his instant motion is timely as it was filed within one year of *Johnson*. The Ninth Circuit, however, subsequently held to the contrary. When Rojo filed his present motion, "[t]he Supreme Court [had] not recognized that § 924(c)'s residual clause is void for vagueness in violation of the Fifth Amendment." *United States v. Blackstone*, 903 F.3d 1020, 1028 (9th Cir. 2018). As indicated by the Ninth Circuit, "[t]he Supreme Court may hold in the future that *Johnson* extends to sentences imposed . . . pursuant to 18 U.S.C. § 924(c), but until then [defendant's] motion is untimely." *Id.* Accordingly, Rojo's motion was premature when it was filed.

3

The Supreme Court has, however, subsequently applied the principles first outlined in *Johnson* to the residual clause of §924(c), holding "that § 924(c)(3)(B) is unconstitutionally vague." *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Accordingly, while Rojo's motion was premature when it was filed, the Court will now consider the motion as timely given the Supreme Court's decision in *Davis*, extending the principles of *Johnson* to §924(c), and will treat the motion as if filed seeking relief pursuant to *Davis*.

Rojo asserts that his conviction is not subject to the provisions of § 924(c)(3) because his underlying conviction (Hobbs Act robbery) does not constitute a "crime of violence." He argues that his §924(c) conviction and sentence is unconstitutional under *Davis* because a Hobbs Act robbery cannot constitute a crime of violence without relying on the residual clause. The court disagrees.

Rojo argues that a Hobbs Act robbery cannot categorically fall under the force clause of § 924(c)(3)(A) "[b]ecause a "Hobbs Act robbery . . . can be committed by any amount of force necessary to accomplish the taking, it does not necessarily require the use of violent force." Prior to the Supreme Court's holding in *Davis*, the Ninth Circuit held that Hobbs Act "[r]obbery indisputably qualifies as a crime of violence" under § 924(c). *United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993). In 2016, the Ninth Circuit was confronted with essentially the same argument that Rojo raises here, that "because Hobbs Act robbery may also be accomplished by putting someone in 'fear of injury,' 18 U.S.C. § 1951(b), it does not necessarily involve 'the use, attempted use, or threatened use of physical force,' 18 U.S.C. § 924(c)(3)(A)." *United States v. Howard*, 650 Fed App'x. 466, 468 (9th Cir. 2016). The Ninth Circuit held that Hobbs Act robbery nonetheless qualified as a crime of violence under the force clause:

> [Petitioner's] arguments are unpersuasive and are foreclosed by *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990). In *Selfa*, we held that the analogous federal bank robbery statute, which may be violated by "force and

4

violence, or *by intimidation*," 18 U.S.C. § 2113(a) (emphasis added), qualifies as a crime of violence under U.S.S.G. § 4B1.2, which uses the nearly identical definition of "crime of violence" as § 924(c). *Selfa*, 918 F.2d at 751. We explained that "intimidation" means willfully "to take, or attempt to take, in such a way that would put an ordinary, reasonable person *in fear of bodily harm*," which satisfies the requirement of a "threatened use of physical force" under § 4B1.2. Id. (emphasis added) (quoting *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983)). Because bank robbery by "intimidation"—which is defined as instilling fear of injury—qualifies as a crime of violence, Hobbs Act robbery by means of "fear of injury" also qualifies as [a] crime of violence.

Id.

The Court holds that a Hobbs Act robbery constitutes a crime of violence under § 924(c)(3)'s force clause. Under the elements set forth in the language of § 1951, Rojo's underlying felony offense (Hobbs Act robbery) is a "crime of violence" because the offense has, "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Therefore, *Davis* is inapplicable here because Rojo's conviction and sentence do not rest on the residual clause of § 924(c). Accordingly, Rojo's motion, which requires a finding that his conviction rests upon the residual clause of §924(c), is without merit.

Certificate of Appealability

To appeal this order, Rojo must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a). To obtain that certificate, he "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted). This standard is "lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

The Court will deny the certificate of appealability for the same reasons that it has denied Rojo's claims. Reasonable jurists would not find the Court's determination that the

Ninth Circuit has held that a Hobbs Act robbery is a crime of violence pursuant to the force clause of §924(c) is debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the court will decline to issue a certificate of appealability.

Therefore, for good cause shown,

THE COURT **ORDERS** that the United States' Motion for Leave to Advise the Court of Relevant New Authority (ECF No. 94) is GRANTED;

THE COURT FURTHER **ORDERS** that Jorge Rojo's Motion to Stay His Motion to Vacate Pending Resolution of Published Ninth Circuit Decision (ECF no. 95) is DENIED as moot;

THE COURT FURTHER **ORDERS** that Jorge Rojo's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF Nos. 87, 88) is DENIED;

THE COURT FURTHER ORDERS that the Clerk of Court shall enter a separate civil judgment denying defendant Jorge Rojo's 28 U.S.C. § 2255 motion.  The Clerk also shall file this order and the civil judgment in this case and in the related civil case number 2:16-cv-1440-LDG.

THE COURT **DECLINES** to issue a Certificate of Appealability.

DATED this _18_ day of February, 2020.

Lloyd D. George
United States District Judge